UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** CV 23-2264-MWF                          **Date:** March 22, 2024

**Title:** In Re: Allana Baroni

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Appellants: | Attorneys Present for Appellees: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER DISMISSING APPEAL

Appellant James Baroni filed the Notice of Appeal initiating this action on March 28, 2023. (Docket No. 1). On April 20, 2023, the United States Bankruptcy Court filed an Appeal Deficiency Notice to United States District Court, Central District of California, notifying the Court that Appellant had failed to timely file the required Statement of Issues, Designation of Record, Notice of Transcript, and Transcript(s). (Docket No. 8).

On June 23, 2023, the Court issued an Order to Show Cause ("OSC") why this appeal should not be dismissed for lack of prosecution. (Docket No. 9 at 1). The OSC instructed Appellant to comply with Federal Rules of Bankruptcy Procedure 8003 and 8009 by July 14, 2023. (*Id.*). Further, the OSC noted that "***any*** future failure to meet ***any deadline imposed by statute or this Court***, without a formal request to extend such a deadline, will result ***in automatic dismissal*** of this appeal without further notice." (*Id.* at 2 (emphasis added)).

On July 20, 2023, the Court noted that Appellant had failed to respond to the OSC. (the "Dismissal Order" (Docket No. 10)). The Court therefore dismissed this appeal for failure to prosecute. (*Id.*).

On August 3, 2023, Appellant filed a "Petition of Rehearing" (the "Petition"), arguing that this appeal should be reinstated because he complied with the OSC by filing the requisite documents with the Bankruptcy Court on July 14, 2023. (Docket No. 11). Because there was no dispute that Appellant had complied with the OSC, the Court set aside the Dismissal Order and reinstated this appeal. (Docket No. 15).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 23-2264-MWF                          **Date:**  March 22, 2024
**Title:**  In Re: Allana Baroni

     On February 9, 2024, the Court filed a notice that it had received the bankruptcy record and that the Opening Brief was due on March 11, 2024.  As of March 21, 2024, Appellant has not filed an Opening Brief.

     The Ninth Circuit has held that "unless there are egregious circumstances, the district court must, as the general rule requires, explicitly consider relative fault and alternative sanctions."  *In re Fitzsimmons*, 920 F.2d 1468, 1474 (9th Cir. 1990).  But the "existence of bad faith" may also justify a dismissal of a bankruptcy appeal based on non-compliance with non-jurisdictional procedural rules and court orders.  *Id.*  Indeed, a finding of "bad faith constitutes egregious circumstances which can warrant dismissal even without the explicit consideration of alternative sanctions and relative fault."  *Id.*  Further, "[d]ilatory conduct that constitutes bad faith includes 'extreme and unexcused delay in complying with the requirements'" of the Federal Rules of Bankruptcy Procedure.  *In re Aspen Healthcare, Inc.*, 265 B.R. 442, 447 (N.D. Cal. 2001) (finding bad faith, in part, because "appellant [] provided no plausible explanation for its failure timely to complete the record on appeal" (citation omitted)).

     Here, the constant delay in prosecuting this appeal – which is only one appeal in over twenty such appeals from the same Bankruptcy Action – is just another example of Appellant's long history of dilatory and brazen litigation tactics.  Appellant was clearly warned that any future failure to meet any deadline imposed by the Court would result in automatic dismissal of this appeal without further notice.  Despite this warning, Appellant failed to complete the record on appeal until the Court issued its OSC.  He also failed to timely file his Opening Brief or seek an extension.  Therefore, the Court has little trouble concluding that the long delay in perfecting this appeal, the unexplained failure to file an Opening Brief by the deadline, and the numerous other frivolous appeals brought by Appellant justify a finding of bad faith and egregious circumstances warranting dismissal.

     Additionally, this Court has considered alternative lesser sanctions by issuing an OSC and warning Appellant that failure to meet deadlines would result in dismissal without further notice.  *See Fitzsimmons*, 920 F.2d at 1474 n.5 (noting that district courts demonstrate consideration of alternative sanctions when they impose further

---

**CIVIL MINUTES—GENERAL**                                                         2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-2264-MWF					**Date:** March 22, 2024

**Title:** In Re: Allana Baroni

deadlines and warn of dismissal).  The Court is also no stranger to Appellant's conduct and has also already imposed monetary sanctions on Appellant and his counsel in a different appeal for acting in bad faith.  *See In re Allana Baroni et. al.*, CV 23-1818-MWF, 2023 WL 4879843, at *14–15 (C.D. Cal. June 28, 2023).  Because lesser sanctions have proven ineffective, dismissal is appropriate.

Accordingly, this appeal is **DISMISSED** for failure to prosecute.

IT IS SO ORDERED.